**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | CR-12-1427-TUC-DCB |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| Rudy James Hendricks, | ) | **ORDER** |
| Peter Rodriguez, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter was referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1)(B) and the local rules of practice of this Court for hearing and a Report and Recommendation (R&R) on the Defendants' Motion to Suppress. Before the Court are a Report and Recommendation, Objections and Response to Objections. In addition, the Court set an evidentiary hearing to allow the parties, among other things, to supplement the record on the information passed to the arresting agent about a suspicious vehicle by agents going off duty. Instead, both Plaintiff and Defendants stipulated to the Court that the facts elicited during the hearing before the Magistrate Judge were accurate and complete. The Magistrate Judge in the R&R recommends that the Court grant the Motion to Suppress and dismiss the action, which recommendation the Court will now adopt.

**OBJECTIONS**

When objections are made to the findings and recommendation of a magistrate judge, the district court must conduct a *de novo* review. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

In a nutshell, the prosecution argues that based on the facts before the Court, the totality of the circumstances test was improperly applied by the Magistrate Judge to find that no "reasonable suspicion existed to believe criminal activity was afoot. *United States v. Sokolow*, 109 S.Ct. 1581 (1989) (citations omitted)." (Objections at 5.) On the contrary, the prosecution argues that all of the factors are present to find reasonable suspicion and that the R&R does not properly apply weight to the material factors and applies too much weight to immaterial factors. "The magistrate judge found innocent explanations for the suspicious behavior, weighs each item of information in isolation, conducts a 'divide-and-conquer analysis' instead of looking at the 'totality of the circumstances,' and fails to credit evidence of reasonable suspicion." (Objections at 7.) "The magistrate judge did not give due deference to Agent McNeil's observations and reasonable inferences." (Id.)

The Objections fail to take into account a recent Ninth Circuit opinion, *United States v. Valdes-Vega*, 685 F.3d 1138 (9th Cir. 2012). The Response to the Objections argues, as follows:

> [I]n a very recent decision the Ninth Circuit had occasion to revisit this issue and again held that factors including: driving a vehicle on a major interstate, 70 miles from border, driving on Interstate 15, which may be used by smugglers, failure to make eye contact with an agent who pulled alongside, his slowing down as he passed the checkpoint, the driver's erratic driving pattern (including speeding up to 90 mph, changing lanes frequently, or weaving in and out of traffic, and braking unexpectedly in front of

2

> other drivers), the truck's Mexican license plate, the use of a F-150 pickup truck, and the uncharacteristic cleanliness of a truck with a Baja California plate were insufficient to support a valid investigatory stop. See, *United States v. Valdes-Vega,* 685 F.3d 1138, 1150 (9th Cir. 2012)...The factors the agent used as a basis for the stop in the instant case are less compelling than the factors considered in *Valdes-Vega*. Instead Agent McNeil tendered a picture of innocent driving behavior but asks the court to accept it as signifying criminal behavior to a trained and experienced eye.

(Response at 9-11.)

The R&R lists each factor and the evidence presented, then weighs that evidence in light of the totality of the circumstances test, as follows:

> As discussed above, many of the facts cited by the Government are based on broad profiles that have not been shown to be particularly reliable indicators of criminal activity. *See United States v. Diaz-Jaurez*, 299 F.3d 1138 (9th Cir. 2002) (noting that reasonable suspicion cannot be based on broad profiles). These factors include that the events occurred near the border in an area known for smuggling activities and that the road was lightly traveled. Given that these considerations apply to every car traveling in the Sasabe area, the other considerations offered by the Government are pivotal here.
>
> Here, however, the remaining factors are minimally probative and cannot establish the required "particularized and objective basis for suspecting the particular person stopped of criminal activity." *Rodriquez*, 976 F.2d at 594. The evidence of tandem driving is scant. The vehicles were close to one another when they entered and departed Sasabe, but they did not follow each other while in town and neither undertook any evasive action. The drivers were not described as nervous or preoccupied. Additionally, the report of a suspicious truck did not include any details and cannot be examined for its basis and veracity. Accordingly, the factors relied on by Agent McNeil, considered in their totality, are insufficient to establish the reasonable, particularized suspicion necessary to support the stop in this case.

(R&R at 9-10.)

Based on the record before this Court, there is no reason or basis to quibble with the R&R's conclusions in light of *Valdes-Vega*.

### ORDER OF THE COURT

Accordingly, after conducting a de novo review,

**IT IS ORDERED** that the Court **ADOPTS** the Report and Recommendation (Doc. 46) and **GRANTS** the Defendants' Motion to Suppress (Docs. 32, 35).

DATED this 17th day of January, 2013.

David C. Bury
United States District Judge